FILED
Aug 05, 2025
02:18 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **KENDRA SMITH,** | ) | **Docket Nos.**   **2025-60-3038** |
| **Employee,** | ) | **2025-60-3037** |
| **v.** | ) | |
| **REGARD RECOVERY JP, LLC,** | ) | |
| **Employer,** | ) | |
| **TECHNOLOGY INSURANCE CO.,** | ) | |
| **Carrier.** | ) | **State File Nos.**   **40527-2024** |
| | ) | **860132-2025** |
| **And,** | ) | |
| **TROY HALEY AS** | ) | |
| **ADMINSTRATION OF THE** | ) | |
| **SUBSEQUENT INJURY AND** | ) | |
| **VOCATIONAL RECOVERY FUND** | ) | **Judge Joshua D. Baker** |
| **FOR THE STATE OF TENNESSEE.** | ) | |
| | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER

---

At a July 23 expedited hearing, Ms. Smith requested a pulmonology panel, medical treatment, and continued temporary disability benefits for an alleged work-related aggravation of her preexisting asthma.[1] For the reasons below, the Court holds she is likely to prevail at a final hearing on a pulmonology referral. Further, because she has workplace restrictions that Regard Recovery did not accommodate, she is also likely to prevail in proving entitlement to temporary disability benefits. However, without expert medical evidence establishing the reasonableness and necessity of the specific medical treatment she sought, that request is denied at this time.

---

[1] Regard Recovery filed a motion to consolidate these claims, which Ms. Smith opposed. At the trial's outset, the Court consolidated the claims for the purpose of this hearing because Ms. Smith was seeking the same benefits in both claims.

## Claim History

Ms. Smith was exposed to vape smoke at work twice within a week, once on May 22 and again on June 1, 2024. She alleged the exposures aggravated her preexisting asthma, and Regard Recovery initially accepted her claim.

Within three days of her last exposure, an adjuster emailed Ms. Smith a choice of three walk-in clinics listed in the body of an email but omitting any physicians' names. Ms. Smith responded to the email with her choice of clinic.

At the clinic, a nurse recommended on June 6 that Ms. Smith see a pulmonologist. Her recommendation read, "Follow up with pulmonologist as recommended to evaluate the extent of the potential damage to your lungs that vaping smoke may be contributing to." A doctor at the same clinic also signed a pulmonology referral about a week later, on June 14. Additionally, Ms. Smith received restrictions that Regard Recovery did not accommodate, leaving her unemployed.

Christopher Broderick, who supervised adjusters on Ms. Smith's claim, signed a declaration detailing the efforts made to find three pulmonologists until the claim's denial "as not a compensable incident" on January 17, 2025. Mr. Broderick explained, "Despite these efforts, no panel of three pulmonologists could be assembled in compliance with Tennessee workers' compensation requirements." Regard Recovery gave no proof explaining why the claim was denied at that time.

Four months after the denial, Dr. Margaret Ikard, Ms. Smith's primary care doctor, signed a letter explaining Ms. Smith saw "pulmonology for asthma and sleep apnea" before the work exposures but "did not require oxygenation during the day." Since then, she continued, "The patient has reported worsening . . . symptoms with exposure to smoking, vaping, and air pollutants. To my knowledge, patient's respiratory status has progressively declined, to now requiring oxygen."

A day later, and nearly a year after the pulmonology referral, Regard Recovery offered Ms. Smith a panel of two pulmonologists. But Ms. Smith declined to choose one since the panel limited her choice to only two physicians.

Regard Recovery filed medical records from pulmonologists with whom Ms. Smith treated on her own after the work exposures to smoke. However, nothing in these records suggested Regard Recovery based its denial of her claim on the content of the records or that it even had the records when it denied the claim.

As for her pulmonology treatment, one pulmonologist, Dr. Kuhn, had treated Ms. Smith for years. Although she had seen him post-injury, his records did not contain an expert medical opinion on whether the smoke exposure at work aggravated her preexisting

asthma. Ms. Smith testified that she was highly unsatisfied with Dr. Kuhn's care and would never return to him for treatment. Also, Dr. Kuhn does not treat workers' compensation patients.

Hoping to transfer her care from Dr. Kuhn, Ms. Smith also saw pulmonologist Dr. Modupe Kehinde. But she felt displeased with the quality of his care, too. Dr. Kehinde's records also lack any expert medical opinion on a work-related aggravation of Ms. Smith's preexisting asthma.

According to Mr. Broderick's declaration, the Carrier paid Ms. Smith $28,626.76 in temporary disability from June 1, 2024, to July 9, 2025. Although benefits ended with the January 17, 2025 denial, the insurer reinstated those benefits with a lump-sum payment, bringing temporary disability payments current as of July 9, 2025.

### Findings of Fact and Conclusions of Law

Ms. Smith must prove she is likely to prevail at a final hearing on her requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). She requested a panel of pulmonologists, temporary disability benefits, and specific medical benefits like oxygen therapy, a pulse oximeter, and a portable continuous oxygen concentrator.

At trial, Regard Recovery did not dispute Ms. Smith's exposures to smoke at work or that an authorized physician had recommended a pulmonologist. Instead, it pointed to Ms. Smith's pulmonology treatment records, which lacked an expert opinion on medical causation, to argue for denial of benefits.

Certainly, Ms. Smith's post-injury pulmonology treatment presented her an opportunity to obtain an expert opinion. Yet this case is distinguishable from cases where benefits were denied because a "medical opinion addressing causation [was] in the record [and was] contrary to Employee's position." *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *16 (May 18, 2017). Here, no expert medical opinion is in the record – only a treating physician's pulmonology referral, which is *presumed* medically necessary. Tenn, Code Ann. § 50-6-204(a)(3)(H).

Moreover, an "employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from [its] statutory obligations under section 50-6-204(a)(1)(A)." *Hawes v. McLane Co., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *10 (Aug. 25, 2021). Here, the employer's obligation to provide a panel of pulmonologists under section Tennessee Code Annotated section 50-6-204(a)(3)(A)(i).

In fact, an injured worker is not required to prove medical causation or medical necessity to obtain an evaluation from a specialist when an authorized physician has made a referral. *Beech v. G4S Secure Solutions (USA), Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 71, at *9. Instead, at the interlocutory stage, "the relevant issue is whether . . . a panel-selected treating physician made a referral to a specialist[.]" *Id.*

Because a treating physician has referred Ms. Smith to a pulmonologist, the Court holds she is likely to prevail at a final hearing on authorization of the pulmonology referral.

Since Regard Recovery maintained it cannot find three pulmonologists, the Court orders an appointment with Dr. Ikard for her to refer Ms. Smith to a specific pulmonologist to become the authorized treating physician.

Next, the Court declines to order any specific medical treatment until the authorized pulmonologist recommends treatment made reasonably necessary by the work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A).

The Court holds that Regard Recovery must continue paying temporary total disability benefits. While no expert medical proof establishes a causal connection between the injury and the inability to work, *see Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015), she received workplace restrictions that Regard Recovery did not accommodate, leaving her unemployed. The long delay in receiving treatment from a pulmonologist familiar enough with workers' compensation to evaluate that causal link is not a delay of Ms. Smith's making. At this stage, the Court holds Ms. Smith is likely to prevail on this issue at a final hearing.

Finally, the Court finds that Regard Recovery's insurer failed to offer Ms. Smith panels that met statutory and regulatory requirements. The choice of clinics offered to her by email violated section 50-6-204(a)(3)(D) by not being on the correct form. Additionally, the pulmonology panel violated section 50-6-204(3)(A)(ii), since only two pulmonologists were listed as choices. Also, the insurer did not offer a panel within three business days of Ms. Smith's first reported exposure on May 22, 2024, in violation of Tennessee Compilation Rules and Regulations 0800-02-01-.06(1) (2018).

Therefore, the Court refers the insurer to the Compliance Program of the Bureau of Workers' Compensation for further investigation and appropriate action based on these violations of Workers' Compensation Law.

**IT IS, THEREFORE ORDERED as follows:**

1. Regard Recovery shall authorize an appointment with Dr. Margaret Ikard for a direct referral to a pulmonologist, who will become Ms. Smith's authorized treating physician.

2. Regard Recovery shall continue paying Ms. Smith temporary disability benefits.

3. The request for specific medical treatment is denied at this time due to insufficient proof that Ms. Smith is likely to prevail on those issues at trial.

4. The Court refers the insurer to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on violations of the statutory and regulatory requirements specified above.

5. A status hearing is set for **November 10, 2025, at 1:00 p.m. Central Time.** You must call 615-741-2113 to participate.

6. Unless an interlocutory appeal is filed, compliance must occur by seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED August 5, 2025**.

_____
**Judge Joshua D. Baker
Court of Workers' Compensation Claims**

**Appendix**

Exhibits:

1. Rule 72 declaration of Ms. Kendra Smith
2. Medical records
3. First Report of Injury form
4. Panel dated May 28, 2025
5. Wage Statement
6. Rule 72 declaration of Mr. Christopher Broderick
7. Letters from providers at the Department of Veterans Affairs dated May 22, 2024 and June 4, 2024
8. Notice of Change or Termination of Compensation Benefits
9. Notice of Denial
10. Emails between Regard Recovery's human resources personnel and Kendra Smith dated May 22, 2024 and May 25, 2024

11. Letter signed by Dr. Zachary Coller, dated August 19, 2024
12. Emails between Ikea Libert and Kendra Smith dated June 4-5, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 5, 2025.

| Name | Mail | Email | Sent to |
|------|------|-------|---------|
| Kendra Smith, Employee | | X | kendra.killian@yahoo.com |
| Dan Cowell, Employer's attorney | | X | dan.cowell@petersonwhite.com denise.mccorkle@petersonwhite.com |
| Robert Davies, Attorney for the Fund | | X | Robert.davies@tn.gov |

_____

**Penny Shrum**
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*